UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ RAMIREZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLT MANAGEMENT CORP., et al.,<br><br>Defendants. | No. 1:22-cv-00132-DAD-BAK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND THIS ACTION TO KERN COUNTY SUPERIOR COURT<br><br>(Doc. No. 14) |

This matter is before the court on plaintiff's motion to remand this action to the Kern County Superior Court. (Doc. No. 14.) Plaintiff's motion was taken under submission to be decided on the papers. (Doc. No. 15.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

Plaintiff Beatriz Ramirez initiated this putative wage-and-hour class action against defendant Volt Management Corp. and defendant IKEA Distribution Services Inc. ("IKEA") in the Kern County Superior Court on November 16, 2021. (Doc. No. 1-1.) On February 1, 2022, defendant IKEA timely removed this action to this federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1.)

On March 3, 2022, plaintiff filed the pending motion to remand the action to the Kern County Superior Court, contending that defendant has failed to prove by a preponderance of the

1

evidence that the amount in controversy exceeds $5 million as required by CAFA. (Doc. No. 14 at 2.) On March 17, 2022, defendant IKEA filed its opposition to plaintiff's motion to remand and concurrently filed two declarations "as evidence establishing that the amount in controversy for this matter well exceeds $5 million and that the amount in controversy alleged in Defendant's Notice of Removal is based on reliable, good-faith estimates that the Court must accept as true." (Doc. No. 16 at 2.) The first such declaration is from Levon Massmanian, a Director at Resolution Economics LLC and consultant who defendant IKEA retained "to review and analyze a variety of data in connection with providing an estimate of the amount in controversy in this matter," including "preliminary active and terminated co-worker list, timekeeping data, and payroll data." (Doc. No. 16-1 at ¶¶ 1–3.) The second declaration is from Christopher Blevins, the HRMS Manager for IKEA US Retail LLC (which administers payroll functions for defendant IKEA), and the custodian of electronic human resources and payroll records who prepared the Excel spreadsheets that were provided to consultant Mr. Massmanian for analysis. (Doc. No. 16-2.)

On March 25, 2022, plaintiff filed her reply to defendant IKEA's opposition to the pending motion to remand. (Doc. No. 18.) Plaintiff did not concurrently file any supporting declarations.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. §§ 1441, *et seq*. Under CAFA, federal courts have jurisdiction "over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir.

/////

2015). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89.

A notice of removal must "contain[] a short and plain statement of the grounds for removal." *Id*. at 87 (quoting 28 U.S.C. § 1446(a)). For removal under CAFA, as the Supreme Court has explained, the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[A] removing defendant's notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F. 3d at 1197). The amount in controversy alleged in defendant's notice of removal "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89. When the defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88. A preponderance of the evidence standard requires that the defendant "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

## ANALYSIS

Plaintiff's motion to remand is based on several flawed arguments and misstatements of applicable law and falls far short of persuading the court that defendant IKEA failed to meet its burden in removing this action based on CAFA jurisdiction.

First, plaintiff ignores the leading United States Supreme Court decision addressing CAFA jurisdiction, *Dart Cherokee Basin Operating Co., LLC v. Owens*, in which, as noted, the court held that "no antiremoval presumption attends cases invoking CAFA." 574 U.S. at 89. Instead, plaintiff relies on non-CAFA cases and a decision in a CAFA case from a decade before

3

the Supreme Court's decision in *Dart Cherokee* to incorrectly assert that the Ninth Circuit imposes a strong presumption against removal jurisdiction even in CAFA cases. (Doc. No. 14-1 at 5.)

Second, plaintiff argues that defendant IKEA was required to include evidentiary submissions with its notice of removal. (*Id.* at 6.) Plaintiff purports to support this assertion by quoting a decision from this court in *Bell v. NuSil Tech. LLC*, No. 1:20-cv-00061-NONE-JLT, 2021 WL 1208013, at *3 (E.D. Cal. Mar. 31, 2021), which stated that the defendant's "burden may be satisfied by submitting 'affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal, . . . .'" (Doc. No. 14-1 at 6.) But plaintiff misconstrues the phrase "at the time of removal" to mean that the submission of evidence must accompany the notice of removal filing, as opposed to the proper reading of the phrase "at the time of removal" in that decision as modifying the immediately preceding phrase "the amount in controversy." Clearly, the purpose of the phrase "at the time of removal" is to clarify the point in time when the amount in controversy is to be measured. Moreover, plaintiff's reading of the sentence from the court's order in *Bell* is disingenuous given that plaintiff's cherry-picked quote is immediately preceded by the following sentences, which make clear that evidentiary submissions are only required if jurisdiction is contested or questioned—which necessarily occurs, if at all, *after* removal:

> "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89. ***If evidence is required***, "[b]oth parties may submit evidence supporting the amount in controversy before the district court rules." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

2021 WL 1208013, at *3 (emphasis added).

Third, and most importantly, in her less than one-page legal argument in reply, plaintiff stands by this baseless argument that defendant IKEA was required to include evidentiary submissions with its notice of removal, and argues further that defendant IKEA's failure to do so cannot be cured by concurrently filing declarations with its opposition to the pending motion. (Doc. No. 18 at 3.) Notably, plaintiff does not contend that defendant's evidence is somehow

4

insufficient to support defendant's calculation of the amount in controversy ($9,699,333, exclusive of attorneys' fees and interest, as to six of plaintiff's eight claims). Rather, plaintiff's sole basis for seeking remand is that defendant should have submitted those supporting declarations along with its notice of removal. As explained above, plaintiff's argument in this regard wholly lacks merit and disregards binding Ninth Circuit precedent. *See Arias*, 936 F.3d at 922 ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions.'") (quoting *Ibarra*, 775 F. 3d at 1197).

The court has reviewed the Massmanian and Blevins declarations and finds them to be thorough and detailed, and concludes that those declarations are clearly sufficient to show that defendant's assumptions in calculating the amount in controversy in this action are reasonable. "[A] removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'" although "such 'assumptions cannot be pulled from thin air but need some reasonable ground underlying them.'" *Arias*, 936 F.3d at 925 (quoting *Ibarra*, 775 F. 3d at 1199). Assumptions that are founded on allegations in the complaint may be reasonable. *Id*. Here, the court finds that defendant's assumptions in calculating the amount in controversy were justified based on the allegations of plaintiff's complaint and on the analysis of timekeeping data for a subset of putative class members directly employed by defendant IKEA. (*See* Doc. Nos. 16-1 at ¶ 13, 17, 23; 16-2 at ¶ 5.)

In sum, defendant IKEA has satisfied its burden, in response to plaintiff's challenge, to show by a preponderance of the evidence that the amount in controversy in this case exceeds the $5 million threshold. Accordingly, the court will deny plaintiff's motion to remand this action to Kern County Superior Court.

## CONCLUSION

For the reasons explained above, plaintiff's motion to remand (Doc. No. 14) is denied.

IT IS SO ORDERED.

Dated:  **April 1, 2022**

UNITED STATES DISTRICT JUDGE